UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

DESIREE HILL, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

---------------------------------------------------------------------- x

1:24-cv-06094-ALC-OTW

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant the City of New York ("Defendant"), by and through its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, hereby files its Answer to Plaintiff Desiree Hill's and the other's ("Plaintiffs") Complaint under Federal Rule of Civil Procedure 8(b), and respectfully avers as follows:

**AS TO "INTRODUCTION"**

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein and that some Plaintiffs have held the titles of "Caseworker" and "Supervisor Level I" in either the Adult Protective Services Program or in the HIV/AIDS Service Administration within Defendant's Human Resources Administration, but Defendant denies that each Plaintiff held each title.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

**AS TO "PARTIES"**

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except admits that the Plaintiffs identified in "Exhibit A" have filed written consent

forms on this case's docket to become party plaintiffs to this action, and respectfully refers this Court to the consent forms for their full content and precise meaning.

4. Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that Defendant has a principal place of business located at Broadway and Park Row, New York, New York 10007, and generally accepts service of process at the Office of the Corporation Counsel, 100 Church Street, New York, New York 10007.

**AS TO "JURISDICTION AND VENUE"**

5. Paragraph "5" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiffs purport to invoke the jurisdiction of this Court, and respectfully refers this Court to the statutory authorities cited therein for their full content and precise meaning.

6. Paragraph "6" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiffs purport to base venue in the United States District Court for the Southern District of New York, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

**AS TO "FACTS"**

7. Defendant denies the allegations set forth in Paragraph "7" of the Complaint, except admits that some Plaintiffs have held the titles of "Caseworker" and "Supervisor Level I" in either the Adult Protective Services Program or in the HIV/AIDS Service Administration within Defendant's Human Resources Administration, but Defendant denies that each Plaintiff held each title.

8. Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein and that Plaintiffs Desiree Hill, Monica Johnson, Sha-Reema Mingo, and Kashana Ames have all worked for Defendant for a period of time.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint, except admits that Defendant utilizes CityTime.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint, except admits that Defendant utilizes CityTime.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint, and respectfully refers this Court to the docket of the case cited in Paragraph "16" for the full scope of that case's parties, claims, procedural history, and holdings.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint, and respectfully refers this Court to the docket of the case cited in Paragraph "17" for the full scope of that case's parties, claims, procedural history, and holdings.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint, and respectfully refers this Court to the dockets of the cases cited in Paragraph "20" for the full scope of those cases' parties, claims, procedural histories, and holdings.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint, and respectfully refers this Court to the case cited therein for its full content and precise meaning.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint, except admits that Plaintiffs Desiree Hill, Monica Johnson, Sha-Reema Mingo, and Kashana Ames have all worked for Defendant for a period of time.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint, except admits that Plaintiff Desiree Hill has worked for Defendant for a period of time.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint, except admits that Plaintiff Monica Johnson has worked for Defendant for a period of time.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint, except admits that Plaintiff Sha-Reema Mingo has worked for Defendant for a period of time.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint, except admits that Plaintiff Kashana Ames has worked for Defendant for a period of time.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint, except admits that Plaintiffs Desiree Hill and Monica Johnson have both worked for Defendant for a period of time.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

**AS TO "COUNT I"**

38. Defendant hereby incorporates by reference Paragraphs "1" through "37" of the Complaint in their entirety, and restates its responses as set forth herein.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

40. Paragraph "40" of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "40" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

41. Paragraph "41" of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Paragraph "42" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "42" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

43. Paragraph "43" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "43" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

44. Paragraph "44" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "44" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

**AS TO "COUNT II"**

45. Defendant hereby incorporates by reference Paragraphs "1" through "44" of the Complaint in their entirety, and restates its responses as set forth herein.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint, and respectfully refers this Court to the regulatory and statutory authorities cited therein for their full content and precise meaning.

47. Paragraph "47" of the Complaint sets forth legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "47" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

48. Paragraph "48" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "48" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

49. Paragraph "49" of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "49" of the Complaint, and respectfully refers this Court to the statutory authority cited therein for its full content and precise meaning.

**AS TO "DEMAND FOR A JURY TRIAL"**

50. Defendant denies that Plaintiffs' claims entitle them to a jury trial under Rule 38(b) of the Federal Rules of Civil Procedure.

**AS TO "PRAYER FOR RELIEF"**

51. Defendant denies that Plaintiffs are entitled to any of the relief requested in Subparagraphs "(a)" through "(e)."

**FOR DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

52. Defendant asserts, under Federal Rule of Civil Procedure 8(c)(1), the following affirmative defenses and other defenses. In asserting these defenses, Defendant does not assume any burden of production or burden of proof that Defendant would not otherwise have:

**FOR A FIRST DEFENSE**

53. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**FOR A SECOND DEFENSE**

54. Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, by the applicable statute of limitations.

**FOR A THIRD DEFENSE**

55. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, res judicata, waiver, or any other equitable defense.

**FOR A FOURTH DEFENSE**

56. Defendant invokes all of the defenses, protections, and limitations of the Fair Labor Standards Act of 1938. *See* 29 U.S.C. §§ 201 *et seq.*

**FOR A FIFTH DEFENSE**

57. Plaintiffs' claims are barred, in whole or in part, under the Portal-to-Portal Act of 1947. *See* 29 U.S.C. §§ 251-262.

**FOR A SIXTH DEFENSE**

58. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have been fully compensated for any wages owed and, by accepting the payments Defendant has made to them, Plaintiffs have effectuated an accord and satisfaction of their claims.

**FOR A SEVENTH DEFENSE**

59. Defendant's payments to Plaintiffs were made in good faith conformity with, and reliance on, administrative regulation, order, ruling, approval, interpretation, administrative policy of either the United States Department of Labor or the New York State Department of Labor. *See* 29 U.S.C. § 260.

**FOR AN EIGHT DEFENSE**

60. To the extent Plaintiffs claim that they are entitled to pay for periods they spent working overtime, such time was *de minimis*.

**FOR A NINETH DEFENSE**

61. Defendant alleges that this action may not be maintained as a collective action because Plaintiffs are not similarly-situated to any of the other individuals they purport to represent.

**FOR A TENTH DEFENSE**

62. This action may not be maintained as a collective action because the facts and the law common to this action, if any, are insignificant compared to the individual facts and issues particular to each Plaintiff and to each member of the purported collective class.

**FOR AN ELEVENTH DEFENSE**

63. Defendant properly paid Plaintiffs overtime in accordance with 29 U.S.C. § 207(k).

**FOR AN TWELFTH DEFENSE**

64. Plaintiffs' claims for damages are barred, or limited by, their failure to mitigate their damages and Defendant's good faith efforts to comply with any applicable law. *See* 29 U.S.C. § 260.

**FOR A THIRTEENTH DEFENSE**

65. Plaintiffs' claims should be dismissed to the extent that the resolution of their claims depends on an interpretation of the parties' collective bargaining agreement.

**FOR A FOURTEENTH DEFENSE**

66. Plaintiffs' claims should be barred with respect to any members of the putative class that have signed a release, are subject to a waiver encompassing claims they allege in the Complaint, or are subject to a contractual agreement that is contrary to the claims they allege in the Complaint.

**ADDITIONAL DEFENSES**

67. Defendant respectfully reserves the right to amend this Answer should it later discover facts supporting the inclusion of new or additional affirmative defenses, and should a future change in the law support the inclusion of new or additional affirmative defenses.

Wherefore, Defendant respectfully requests that this Court: (1) dismiss the Complaint in its entirety, with prejudice; (2) deny each and every demand, claim, and prayer for relief contained in Plaintiffs' Complaint; (3) award Defendant reasonable attorneys' fees and costs incurred in the defense of this action; and (4) grant any such other and further relief that this Court deems just and proper.

Dated: November 4, 2024
New York, New York

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 2-171
New York, New York 10007
Telephone: (212) 356-1941
E-mail: matjohn@law.nyc.gov

By: Mathew V. John, Jr.
Mathew V. John, Jr.
Assistant Corporation Counsel

To: Via ECF

Elizabeth R. Sprotzer, Esq.
Spivak Lipton, L.L.P.
*Attorney for Plaintiffs*
1040 Avenue of the Americas, 20th Floor
New York, New York 10019
Telephone: (212) 765-2100
E-mail: esprotzer@spivaklipton.com

Molly A. Elkin, Esq.
McGillivary Steele Elkin, L.L.P.
*Attorney for Plaintiffs*
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
E-mail: mae@mselaborlaw.com

Patrick J. Miller-Bartley, Esq.
McGillivary Steele Elkin, L.L.P.
*Attorney for Plaintiffs*
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 833-8855
E-mail: pmb@mselaborlaw.com

Hope A. Pordy, Esq.
Spivak Lipton, L.L.P.
*Attorney for Plaintiffs*
1040 Avenue of the Americas, 20th Floor
New York, New York 10019
Telephone: (212) 765-2100
E-mail: hpordy@spivaklipton.com

Docket No. 1-24-cv-06094-ALC-OTW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE HILL, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

**ANSWER**

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007

Of Counsel: Mathew V. John, Jr.
Telephone: (212) 356-1941

Matter No. 2024-071495

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................................. *, 20*......

.........................................................................................*, Esq.*

*Attorney for*...................................................................................